UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CASSANDRA L. WILLIAMS<br>Plaintiff, | ]<br>]<br>] | No.  3 10 0462<br>(No. 3:10-mc-0056) |
| v. | ]<br>] | Judge Trauger |
| CITY OF CLARKSVILLE, TENNESSEE,<br>et al.<br>Defendants. | ]<br>]<br>] | |

## MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. She brings this action against the City of Clarksville and Detective Nick Newman, seeking injunctive relief and damages.

On July 3, 2009, the plaintiff was shot by an unknown assailant. When police responded to the shooting, they apparently made little effort to find the shooter. The plaintiff is suing the defendants for (1) lack of a criminal investigation; (2) a civil rights violation; (3) defamation of character; (4) discrimination; and (5) wrongful injury. Docket Entry No.1 at pg.2.

*Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 92 S.Ct. 594 (1972). Nevertheless, liberal construction does not require the Court to create a claim which the plaintiff has not spelled out in her complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is required to plead more than bare

legal conclusions. Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. Wells, *supra*. The plaintiff must identify the rights or privileges that were violated and provide factual allegations describing the role that each defendant played in the alleged violations. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

In this case, the defendants are never mentioned in the body of the complaint. The Court is left to guess at the role each defendant played in offending the plaintiff. The plaintiff has neglected to identify the federally protected right or privilege that was violated by defendants. In short, the complaint is wholly conclusory in nature. Consequently, the plaintiff has failed to state a claim upon which relief can be granted. Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir.2005)(conclusory claims are not actionable). Under such circumstances, the Court is obliged to dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge